[48] My comprehension of the latest majority view is that it is now held that the Blind Tiger Act, Act 8 of the Extra Session of 1915, although it has never been repealed, either expressly or impliedly, is doomed to remain "in a state of `innocuous desuetude'" despite the fact that there are presently subdivisions of the State wherein the sale, possession, etc. of intoxicating liquor is prohibited. In concluding thus, the majority have overruled the case of State v. Carter, 179 La. 156,153 So. 676 by indirection.
[49] Moreover, it is also apparent that the Court has assumed jurisdiction of a question of fact in a criminal case, contrary to Section 10 of Article 7 of the Constitution, for it is resolved that "In the instant case we have no concealment * * *", obviously meaning that the facts of the case show that the defendant did not operate a "blind tiger" but that he lawfully and openly sold or kept for sale the large quantities of intoxicants found in his possession under his restricted permit to sell it only as a medicine when prescribed by a licensed physician. As long as the court is dealing in facts, it is apt to remark that there is no evidence in the record justifying the conclusion that defendant did not use his drug store as a "blind" for the purpose of screening his unlawful conduct.
[50] For these and the reasons heretofore given, I respectfully dissent.
[51] HAWTHORNE, Justice (dissenting).
[52] I dissent, adhering to the views expressed in my dissenting opinion heretofore written when the case was decided by this court on first rehearing. The majority has exercised a legislative function, for its opinion has the effect of repealing in its entirety the Blind Tiger Act.
[53] HAMITER, Justice (dissenting).
[54] In a concurring opinion on the first rehearing, following my pointing out that a prosecution of defendant under the ordinance adopted pursuant to Act 17 of the First Extraordinary Session of 1935, the Local Option Statute, would be proper, I observed that Act 8 of the Extraordinary Session of 1915, the Blind Tiger Act, is inapplicable to the sale of liquor by a licensed druggist when prescribed by a physician as medicine. Undoubtedly, this observation, as thus limited, is correct. It does not comprehend, however, a possible factual situation whereby a druggist, although duly licensed, keeps intoxicants in a dry territory for sale for purposes other than as medicine. In this suggested factual situation, I readily concede, the druggist would not only be violating the ordinance adopted pursuant to the Local Option Statute but also he would be operating in a manner contrary to the provisions of the Blind Tiger Act.
[55] The provisions of the Blind Tiger Act are still effective, it appears, unless superseded by those of the Local Option Statute (none is expressly repealed thereby). Clearly, they have been superseded insofar as they applied to a druggist's keeping for sale, under a properly issued permit, liquor whenprescribed by a licensed physician as a medicine, this being specifically authorized by the later statute. I find, however, that they were not superceded with respect to a druggist (even though holding a permit) who keeps intoxicants in a dry territory for sale for purposes other than for medicine. Section 2 of the Local Option Statute contains a recitation (to which I did not give proper effect on the first rehearing) that obviously relates to and contemplates such a case and, with respect thereto, retains the efficacy of all former applicable laws, including the Blind Tiger Act. In part, that section states: "* * * Where it is contended in any prosecution for the violation of any law ofthis State or any ordinance enacted pursuant to the authority of this act that any such liquors were prescribed and sold as a medicine, it shall be for the court to decide whether such prescription and sale were made in good faith and in case of sickness, or as a mere subterfuge and with intent to evade the provisions of such laws or ordinances." (Italics ours.)
[56] Therefore, and after further consideration of the principal issue presented by this prosecution, I am of the opinion that a violation of the provisions of the Blind Tiger Act can be committed, under certain circumstances, by a duly licensed drug store operated in a dry territory. But whether this defendant has been guilty of such an offense is a question of fact with reference to which this court has no jurisdiction.
[57] For the above reasons, as well as those assigned in the majority opinion rendered on the original hearing of this cause, I respectfully dissent.